# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CEDA MILLS, INC., | ) | |
|     Appellant, | ) | 2:10-cv-599 |
| | ) | |
| v | ) | |
| | ) | |
| CHET DUFFY, MICHAEL SIEGEL, ROBERT BRUCE, ALBERT GABRIEL, and ROSE BYERS, | ) ) ) | |
|     Appellees. | ) | |

**************************

| | | |
|---|---|---|
| CHET DUFFY, | ) | |
|     Appellant, | ) | |
| | ) | |
| v | ) | 2:10-cv-796 |
| | ) | |
| CEDA MILLS, INC., MICHAEL SIEGEL, ROBERT BRUCE, ALBERT GABRIEL, ROSE BYERS and THE OFFICE OF THE U.S. TRUSTEE, | ) ) ) ) | |
|     Appellees. | ) | |

## MEMORANDUM OPINION AND ORDER OF COURT

Pending before the Court are two motions for reconsideration of the March 29, 2012 Memorandum Opinion and Order of this Court which dismissed two previous appeals from the April 13, 2010 order of the Bankruptcy Court. More particularly, pending is the MOTION FOR REHEARING OF MEMORANDUM OPINION AND ORDER OF COURT DATED MARCH 29, 2012 PURSUANT TO LBR 8007-2 AND BANKRUPTCY RULE 8015, filed by Debtor/Appellant Debtor's majority shareholder, Chester ("Chet") Duffy, at Doc. No. 10 at Civil Action 2:10-cv-796 ("Duffy Doc. No."); and APPELLANT CEDA MILLS, INC.'S JOINDER IN AND ADOPTION OF MOTION FOR REHEARING OF MEMORANDUM OPINION AND

ORDER OF COURT DATED MARCH 29, 2012 PURSUANT TO LBR 8007-2 AND BANKRUPTCY RULE 8015 FILED BY APPELLANT CHET DUFFY, filed by Debtor Ceda Mills, Inc. ("Ceda Mills") at Doc. No. 12 at Civ.A.No. 2:10-cv-599 ("Ceda Mills Doc. No."). This Court's March 29, 2012 Memorandum Opinion and Order, that from which the parties seek reconsideration, dismissed the respective appeals filed at Civil Action 2:10-cv-599 (in the case of Appellant Ceda Mills, Inc.) and Civil Action 2:10-cv-796 (in the case of Appellant Chet Duffy).

Appellant Duffy now argues that reconsideration should be granted based upon the fact that the brief in support of his bankruptcy appeal, which had been filed under seal, was misplaced by the Clerk of Court for the U.S. District Court for the Western District of Pennsylvania, and therefore, was not incorporated as a docket entry by the Clerk of Court, and therefore was not considered by the Court, in reaching its decision.

**Standard of Review**

When the District Court is acting as an appellate court in a bankruptcy case, "[b]ankruptcy Rule 8015 provides the sole mechanism for filing a motion for rehearing." *In re Lisanti Foods, Inc.*, No. 04–3868, 2006 WL 2927619, *4 (D.N.J. Oct.11, 2006) (*quoting Matter of Eichelberger*, 943 F.2d 536, 538 (5th Cir.1991)); *see also In re Rashid*, 210 F.3d 201, 204–05 (3d Cir .2000) superceded by statute on other grounds as stated in *In re Thompson*, 418 F.3d 362 (3d Cir.2005). Rule 8015 provides:

> [A] motion for rehearing may be filed within fourteen days after entry of judgment of the district court.... If a timely motion for rehearing is filed, the time for appeal to the court of appeals for all parties shall run from the entry of the order denying rehearing or the entry of a subsequent judgment.

Bankr.Rule 8015. While Rule 8015 provides a mechanism for rehearing bankruptcy rulings, it

does not set forth the standard of review for such motions.

The Court of Appeals for the Third Circuit has not articulated a standard for when rehearing under Rule 8015 should be granted. In the absence of such a standard, sister courts have applied the standard articulated by *In re Lisanti Foods*, *supra*, which held that the standard should be "the test traditionally used to evaluate motions for reconsideration." 2006 WL 2927619 at *4. *See Thomas v. U.S. Bank Nat. Ass'n*, --- B.R. ---, 2012 WL 2367082 (D.N.J. 2012) at * 6; *see also In re Dahlgren*, No. 09–18982 RTL, CIV.A. 10–1988 FLW, 2011 WL 2160884, *3 (D.N.J. Jun.01, 2011). That test is whether: "(1) the court has "patently misunderstood a party," (2) the court has "made a decision outside the adversarial issues presented ... by the parties;" (3) the court has "made an error not of reasoning but of apprehension;" or (4) there has been "a controlling or significant change in the law or facts since the submission of the issue to the Court." *Thomas*, *supra*, at *6 (internal quotation marks omitted). Similarly, the Court will adopt the *In re Lisanti Foods* standard here.

Rule 8015 was derived from Fed.R.App.P. 40, which requires that a party seeking rehearing "state with particularity each point of law or fact that the petitioner believes the court has overlooked or misapprehended. ..." Fed.R.App.P. 40(a). Pursuant to the Rule 40 standard, courts should "grant Rule 8015 motions only if the petitioner demonstrates that the court made an error of fact or law with respect to the issues already presented to the court; neither new evidence nor new arguments are considered valid bases for relief." *In re Lisanti Foods*, 2006 U.S. Dist. LEXIS 76844, at *13; *see also New York v. Sokol*, 94 Civ. 7372, 1996 U.S. Dist. LEXIS 10812, at *11 (S.D.N.Y. July 31, 1996) ("the purpose of a petition for rehearing is to direct the court's attention to some material matter of law or fact which it has overlooked in

deciding the case, and which, had it been given consideration, would probably have brought about a different result").

**Discussion**

In his motion, Appellant Duffy does not pursue reconsideration on the basis of any of the *Lisanti* grounds, but instead on the basis that the brief in support of his appeal, a brief that was timely filed under seal, was not incorporated into the docket at the time it was filed and was, therefore, not considered by the Court prior to the March 29, 2012 Memorandum Opinion and Order. For the reasons that follow, the motion will be denied.

As the parties are well familiar with the factual and procedural background of this matter, an extensive review of the history is not necessary. It is important to note portions of the procedural history, at least in terms of Appellant Duffy's appeal as it relates to the appeal of Debtor Ceda Mills. These two appeals originated from the same bankruptcy proceeding, and have followed dual tracks through the District Court. More particularly, these actions derive from an appeal of the April 13, 2010 order of the United States Bankruptcy Court for the Western District of Pennsylvania in bankruptcy action 04-24452 JAD. *See* Doc. No. 1 at civil action 2:10-cv-599 ("Ceda Mills Doc. No."). On April 27, 2010, both Appellant Ceda Mills, Inc. ("Ceda Mills") and Appellant Duffy filed respective notices of appeal in the Bankruptcy Court pursuant to 28 U.S.C. § 158. *See* Doc. Nos. 570 & 576 at U.S. Bankruptcy Court (W.D. Pa.) at case docket 04-24452-JAD ("Bankruptcy Doc. No."). Both Appellants subsequently and separately filed appeal cover sheets with the Clerk of Court for the United States District Court for the Western District of Pennsylvania, each of which indicated that their respective appeals were "not related to a pending or terminated case", *see* Bankruptcy Doc. Nos. 593 & 595, which

were, in turn, were given separate civil action numbers here in U.S. District Court.

On May 11, 2010, both Appellant Ceda Mills and Appellant Duffy separately filed their respective Designations of the Items to be Included in the Record of Appeal and a Statement of the Issues to be Presented in the Bankruptcy Court. Bankruptcy Doc. Nos. 598 - 600. For his part, Appellant Duffy identified the following three issues on appeal with that designation:

i) Whether the Bankruptcy Court exceeded its post confirmation jurisdiction in compelling the Debtor to engage in a dissolution notwithstanding the provisions of the confirmed plan which contemplated the Debtor would remain in business;

ii) Whether the Bankruptcy Court committed reversible error when it refused to hold an evidentiary hearing as requested by the Debtor in its March 19, 2010 response in opposition to Report and Recommendation filed by the Office of the United States Trustee;

iii) Whether the Bankruptcy Court erred when it ordered the Debtor to distribute to the Debtor's minority shareholders pro rata shares of Debtor surplus funds in excess of the amount to which they agreed to receive.

Bankruptcy docket at Doc. No. 600; *see also* Duffy Doc. No. 1 at exhibit 45 (same). The merits of all three arguments, as well as all documents designated by Debtor Ceda Mills in its appeal, were thereafter considered in detail, and rejected by the Court in the March 29, 2012 Memorandum Opinion and Order dismissing the appeals of both Appellants. Duffy Doc. No. 8 at 18 - 35.

Appellant Duffy now seeks reconsideration of the Opinion and Order on the basis that the brief in support of his appeal had not been incorporated into the docket by the Clerk of Court, and therefore not considered by the Court in deciding the appeal. The Court notes that while a party's failure to file a brief may be grounds, in and of itself, for dismissal, Fed.R.Bankr.P. 8001(a)(failure to take any step in the appeal is grounds for action the court deems appropriate,

including dismissal), which appeared to be the case at the time, the Court did not dismiss the appeal of Appellant Duffy on that basis. On the contrary, the issues as identified by Appellant Duffy were considered at length. At the same time, the Court considered those issues raised on appeal by Appellant Ceda Mills, which mirrored those raised by Appellant Duffy and had been thoroughly briefed by counsel for the Debtor. Nothing in Appellant Duffy's brief in support of his appeal impacts or changes the Court's determination regarding the appeal.

Of note, the motion for reconsideration does not specify any point of law or fact that Appellant Duffy believes that the Court has overlooked or misapprehended, nor does it contend or aver that the Court (1) patently misunderstood the issues; (2) made a decision outside the adversarial issues presented by the parties; (3) made an error not of reasoning, but of apprehension; or (4) there has been a controlling or significant change in the law or facts since the submission of the issue to the Court. Identifying a legal brief which was overlooked (by virtue of being misplaced by the Clerk's office), in and of itself, does not entitle Appellant to relief. Reconsideration is appropriate only upon a showing of a probability of a different result. As is readily apparent in the Memorandum Opinion and Order, the Court has a complete understanding of the issues central to Appellant Duffy's appeal; his jurisdictional challenge to the Bankruptcy Court's decision (*see* Duffy Doc. No. 10 at 18 - 21), his demand for an evidentiary hearing following the Report and Recommendation filed by the Office of the U.S. Trustee (*see id.*, at 22 - 31), and the Bankruptcy Court's determination of the pro rata amounts to be paid to the minority shareholders (*id.* at 28 - 31). The Court has reviewed the brief in support of Appellant Duffy's appeal, which was subsequently incorporated into the docket at Doc. No. 9 following the Court's ruling on March 29, 2012, and finds that it provides no factual information

or legal argument which would impact or warrant any modification of the Court's previous decision.

## Conclusion

For the foregoing reasons, the MOTION FOR REHEARING OF MEMORANDUM OPINION AND ORDER OF COURT DATED MARCH 29, 2012 PURSUANT TO LBR 8007-2 AND BANKRUPTCY RULE 8015, at Duffy Doc. No. 10, and APPELLANT CEDA MILLS, INC.'S JOINDER IN AND ADOPTION OF MOTION FOR REHEARING OF MEMORANDUM OPINION AND ORDER OF COURT DATED MARCH 29, 2012 PURSUANT TO LBR 8007-2 AND BANKRUPTCY RULE 8015 FILED BY APPELLANT CHET DUFFY, at Ceda Mills Doc. No 12, will be denied.

An appropriate order follows.

McVerry, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| CEDA MILLS, INC., | ) |  |
|---|---|---|
| Appellant, | ) |  |
|  | ) | 2:10-cv-599 |
| v | ) |  |
|  | ) |  |
| CHET DUFFY, MICHAEL SIEGEL, ROBERT BRUCE, ALBERT GABRIEL, and ROSE BYERS, | ) ) ) |  |
| Appellees. | ) |  |

**************************

| CHET DUFFY, | ) |  |
|---|---|---|
| Appellant, | ) |  |
|  | ) |  |
| v | ) | 2:10-cv-796 |
|  | ) |  |
| CEDA MILLS, INC., MICHAEL SIEGEL, ROBERT BRUCE, ALBERT GABRIEL, ROSE BYERS and THE OFFICE OF THE U.S. TRUSTEE, | ) ) ) ) |  |
| Appellees. | ) |  |

## ORDER OF COURT

AND NOW, this 8th day of August, 2012, for the reasons set forth in the foregoing Memorandum Opinion, it is hereby **ORDERED, ADJUDGED,** and **DECREED** that the MOTION FOR REHEARING OF MEMORANDUM OPINION AND ORDER OF COURT DATED MARCH 29, 2012 PURSUANT TO LBR 8007-2 AND BANKRUPTCY RULE 8015, filed at Civil Action 2:10-cv-796 at Doc. No. 10, and APPELLANT CEDA MILLS, INC.'S JOINDER IN AND ADOPTION OF MOTION FOR REHEARING OF MEMORANDUM OPINION AND ORDER OF COURT DATED MARCH 29, 2012 PURSUANT TO LBR 8007-2

AND BANKRUPTCY RULE 8015 FILED BY APPELLANT CHET DUFFY, filed at Civil Action 2:10-cv-599 at Doc. No. 12, are **DENIED**.

                                                  BY THE COURT:

                                                  s/  Terrence F. McVerry
                                                  United States District Court Judge


cc:     Elsie R. Lampl, Esquire
        Email: elampl@lampllaw.com
        John P. Lacher, Esquire
        Email: rol@lampllaw.com
        Robert O. Lampl, Esquire
        Email: rol@lampllaw.com
        Haig M. Sakoian
        Email:  Email: hsakoian@bglaw-llp.com